

1  JOHN L. BURRIS, Esq./ State Bar #69888
2  BENJAMIN NISENBAUM, Esq./ State Bar #222173
   LAW OFFICES OF JOHN L. BURRIS
3  Airport Corporate Centre
   7677 Oakport Street, Suite 1120
4  Oakland, California 94621
   Telephone:   (510) 839-5200
5  Facsimile:   (510) 839-3882

6  Attorneys for Plaintiffs

7
                UNITED STATES DISTRICT COURT
8
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
                                        C13-1639 NC
10
   KATHRYN HARVEY, individually, and as co-     Case No. ~~2:11-cv-01820-LKK-KJN~~
11 successor-in-interest for Decedent DAVID
   LOPEZ;                                       ~~FIRST AMENDED~~ COMPLAINT FOR
12                                              DAMAGES
13         Plaintiff,                           JURY TRIAL DEMANDED

14     vs.

15 CITY OF ANTIOCH, a municipal corporation;
   MATTHEW KOCH, individually; JOSHUA
16 VINCELET, individually; ALLAN
   CANTANDO, Chief of Police for the City of
17 Antioch, individually; DOES 1-50, inclusive;
18 ANTIOCH,
   ~~ALLEN CANTANDO~~
19         Defendants.
20                                           /
21

22                     INTRODUCTION

23     On the afternoon of March 22, 2012, at the corner of East 13th Street and Hillcrest Avenue, in

24 Antioch, California, Defendant CITY OF ANTIOCH police officers MATTHEW KOCH and

25 JOSHUA VINCELET, who were on undercover patrol, dressed in plain clothes and driving an

26 unmarked car, shot and killed decedent DAVID LOPEZ, an unarmed man, for no legally justified

27 reason.

28

COMPLAINT
HARVEY v. CITY OF ANTIOCH, et al.

Decedent DAVID LOPEZ did not pose any imminent threat of harm to anyone, and no reasonable police officer could have believed otherwise. The multiple gunshots fired by the Defendant Officers, particularly the eight gunshots sustained by Decedent DAVID LOPEZ, were unrelated to any legitimate law enforcement purpose and were done to kill Decedent.

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Antioch, County of Contra Costa, California, which is within this judicial district.

## PARTIES

2. Plaintiff KATHRYN HARVEY and decedent DAVID LOPEZ were and are United States citizens. Plaintiff KATHRYN HARVEY is the biological mother, heir, co-successor-in-interest, and survivor of decedent, DAVID LOPEZ. She is a person described in California Code of Civil Procedure section 377.60(a) as persons entitled to the property of the Decedent by intestate succession and therefore brings this wrongful-death action based upon the death of her son. She brings this action on her own behalf and as co-successor-in-interest to her son, decedent DAVID LOPEZ.

3. Defendant CITY OF ANTIOCH ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the Antioch Police Department.

4. At all times mentioned herein, Defendant ALLAN CANTANDO ("CANTANDO") was employed by Defendant CITY as Chief of Police for the CITY. He is being sued in his individual capacity.

5. Defendant MATTHEW KOCH ("KOCH" herein), is and was at all times herein mentioned a police officer employed by Defendant CITY OF ANTIOCH. He is being sued in his individual capacity.

6. Defendant JOSHUA VINCELET ("VINCELET" herein), was at all times herein mentioned a police officer employed by Defendant CITY OF ANTIOCH. He is being sued in his individual capacity.

7. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend the complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

9. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## STATEMENT OF FACTS

10. On March 22, 2012, at approximately 3:00p.m., decedent DAVID LOPEZ drove his family friend Michelle Garcia to run errands and pick up some take-out food, before dropping her back off at her home at 1316 East 13th Street, near the intersection of East 13th Street and Hillcrest Avenue in Antioch, California. While driving decedent DAVID LOPEZ drove normally, obeyed all traffic laws, and travelled at normal speeds.

11. After dropping off Ms. Garcia, decedent DAVID LOPEZ began to back out of the driveway, when out of nowhere a black car, driven by Defendant Officers VINCELET and KOCH, drove up behind the decedent.

12. The black vehicle was not marked or in any way identified as a police vehicle. The car did not display lights or sirens to identify it as a police vehicle or to initiate a traffic stop. VINCELET and KOCH were not dressed in police uniforms or in any way identified as police officers.

13. VINCELET and KOCH, dressed in street clothes, jumped out of the car with guns drawn and pointed at the decedent who was obviously unarmed and not threatening. Instantly, and without warning, VINCELET and KOCH opened fire on decedent DAVID LOPEZ's car. Each Defendant officer shot at and into the Decedent's car multiple times.

14. After the shooting, decedent DAVID LOPEZ slumped over the wheel of his car, which rolled until it hit the curbside, forward as he lay mortally wounded.

15. Ms. Garcia screamed out to the Defendant Officers, "What the fuck, what the fuck did you guys shoot him for?" Defendants VINCELET and KOCH finally identified themselves as police officers for the first time. Defendants VINCELET and KOCH then went to the unmarked car and retrieved their marked 'POLICE' vests and put them on. Prior to this there was no indication that Defendants VINCELET and KOCH were law enforcement officers working undercover for Defendant CITY.

16. Defendants VINCELET and KOCH shot Mr. Lopez multiple times about the body, including to his back, shoulder, hand, and both arms, and the fatal shot was to the back of Mr. Lopez's head. Mr. Lopez ultimately died as a result of his injuries.

18. Plaintiff alleges that decedent DAVID LOPEZ died as a result of the excessive force, unreasonable search, and/or unreasonable seizure against him by the Antioch Police officers involved in this incident. Plaintiff further alleges that the murder of decedent by Defendants VINCELET and KOCH was unrelated to legitimate law enforcement purposes and was done with a purpose to harm Decedent.

19. Plaintiff further alleges that decedent's death was the proximate result of Defendant CITY's failure to reasonably train their police officers in the proper and reasonable use of force, and using force in a manner to avoid killing people. Plaintiff further alleges that these substantial failures reflect Defendant CITY's policies implicitly ratifying and/or authorizing the use of excessive force

by its police officers and the failure to reasonably train police officers employed by Defendant CITY in the use of force.

20. The killing of decedent DAVID LOPEZ described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## DAMAGES

21. Plaintiff was physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent DAVID LOPEZ's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiff is entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

22. Plaintiff is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

23. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, plaintiff is further entitled to recover for damages incurred by Decedent before he died as the result of being assaulted and shot for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. Furthermore, under 42 U.S.C. section 1983, Plaintiff is entitled to recover damages incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

24. As a further direct and proximate result of the excessive force and deliberate indifference of Defendants VINCELET and KOCH, and each of them, Plaintiff has been deprived of Decedent's financial support.

25. The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said individual defendants.

26. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights, and the rights of decedent, under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
(Wrongful Death 42 U.S.C. Section 1983)
(Against Defendants VINCELET, KOCH, and DOES 1-25)

27. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28. Defendants VINCELET, KOCH and DOES 1-25 acted under color of law by killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violations of Plaintiff's civil rights to familial relationship - 42 U.S.C. section 1983)
(Against Defendants VINCELET, KOCH, and DOES 1-25)

29. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. Defendants VINCELET, KOCH, and DOES 1-25, acting under color of law, and without due process of law deprived Plaintiff of her right to a familial relationship with Decedent by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in decedent's death, all without provocation, in violation of the Fourteenth Amendment of the United States Constitution. Defendants VINCELET, KOCH and DOES 1-25 acted with an intent to harm Decedent unrelated to legitimate law enforcement purposes in killing Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. section 1983)
(Against Defendant CITY, CANTANDO and DOES 26-50)

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that high ranking CITY OF ANTIOCH officials, including high ranking police supervisors such as Defendant CANTANDO, DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Officers VINCELET, KOCH and DOES 1-25, and/or each of them.

33. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants CANTANDO, DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

34. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants CANTANDO, and DOES 26-50 and/or each of them, Defendant CANTANDO, DOES 26-50, and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

35. Plaintiff further alleges Defendants CANTANDO, DOES 26-50, and/or each of them, were on notice of Constitutional defects in their training of CITY OF ANTIOCH police officers, including, but not limited to, using excessive force, covering up the use of excessive force, and improperly relying on information provided by informants, whether confidential or otherwise, in using force.

36. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF ANTIOCH officials, including high ranking CITY OF ANTIOCH Police Department supervisors, Defendants CANTANDO, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

    b. The right to a familial relationship, as guaranteed by the Fourteenth Amendment to the United States Constitution.

37. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Survival action: Violation of decedent's civil rights
42 U.S.C. section 1983)
(Against VINCELET, KOCH, and DOES 1-25)

38. Plaintiff KATHRYN HARVEY, as co-successor in interest to Decedent DAVID LOPEZ hereby realleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. The foregoing claim for relief arose in decedent's favor, and decedent would have been the Plaintiff with respect to this claim if he had lived.

40. Defendants acted under color of law killing decedent without lawful justification and subjecting decedent to excessive force, thereby depriving the decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right to a familial relationship, as guaranteed by the Fourteenth Amendment to the United States Constitution.

41. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FIFTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants VINCELET, KOCH, and DOES 1-25)

42. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43. The conduct of Defendants VINCELET, KOCH, and DOES 1-25 as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Decedent's exercise and enjoyment of his civil rights, through use of wrongful and excessive force by repeatedly shooting Decedent over an extended period of time, during and after threatening to shoot decedent, who was visibly unarmed and did not threaten anyone, all accomplished through force, threats, intimidation, and coercion.

44. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Decedent suffered violation of his constitutional, state, and statutory rights, and suffered damages as set forth herein.

45. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Decedent's successor-in-interest pursuant to respondeat superior.

46. Decedent's successor-in-interest is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Negligence – Wrongful Death)
### (Against Defendants VINCELET, KOCH and DOES 1-25)

47. Plaintiff KATHRYN HARVEY realleges and incorporates by reference herein paragraphs 1 through 46 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48. At all times herein mentioned, Defendants VINCELET, KOCH, and DOES 1-25, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests, and in providing medical care following the shooting of Decedent. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff and plaintiff's decedent to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants VINCELET, KOCH and DOES 1-25.

49. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, loss of consortium, familial support, financial support, and damages. Plaintiff is entitled to recover wrongful death damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants VINCELET, KOCH and DOES 1-25)

50. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint.

51. The conduct of Defendants VINCELET, KOCH and DOES 1 through 25, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon decedent.

52. As a proximate result of Defendants' willful, intentional and malicious conduct, decedent DAVID LOPEZ suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants. Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Assault and Battery)
(Against Defendants VINCELET, KOCH and DOES 1-25)

53. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint.

54. The defendant officers placed decedent in immediate fear of severe bodily harm by attacking and shooting him without just provocation or cause. The defendants committed battery against decedent by physically attacking them through use of their firearms. As a proximate result of defendants' wrongful conduct, decedent suffered damages as alleged.

55. Plaintiff has been required to retain counsel to redress the wrongful conduct by defendants alleged herein and is consequently entitled to an award of reasonable attorney's fees.

56.  The conduct of defendants described herein was done with a conscious disregard of decedent's rights such as to constitute oppression, fraud or malice entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of defendants for the public good.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## JURY DEMAND

57.  Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For injunctive relief;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated: April 10, 2013

LAW OFFICES OF JOHN L. BURRIS

*/s/ John L. Burris*
John L. Burris, Esq.
Attorneys for Plaintiff